**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| ROBERT J. PLATO, JR., | : | |
| | | Case No. 3:06CV032 |
| Petitioner, | : | |
| | | |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| LEBANON CORRECTIONAL INSTITUTION | : | |
| | : | |
| Defendant. | | |

# REPORT AND RECOMMENDATIONS[1]

Petitioner, an inmate at the Lebanon Correctional Institute, brings this case pro se seeking a writ of habeas corpus under 28 U.S.C. §2254. This matter is before the Court for initial consideration of Plato's petition under Rule 4 of the Rules Governing §2254 cases.

In the instant habeas corpus case, Petitioner raises two grounds for relief:

**Ground One**: Denied constitutional right to jury trial.

Supporting Facts: Denied Jury Trial after requesting one.

**Ground Two**: Mental illness.

Supporting Facts: Mr. Plato has a mental illness. (Doc. # 2 at 6, 8).

Petitioner plead guilty to burglary and abduction with a firearm specification in the Common Pleas Court of Champaign County.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Petitioner thereafter appealed and raised three assignments of error:

1. APPELLANT WAS DEPRIVED OF HIS CONSTITUTIONAL RIGHT TO A TRIAL BY JURY.

2. APPELLANT WAS DEPRIVED OF HIS RIGHT PURSUANT TO THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 5 AND 10, OF THE OHIO CONSTITUTION AS WELL AS EFFECTIVE ASSISTANCE OF COUNSEL, WHEN DEFENSE COUNSEL FAILED TO MOVE FOR AN EVALUATION OF APPELLANT'S COMPETENCY AND SANITY, AND WHEN THE COURT FAILED TO ADEQUATELY GUARD APPELLANT'S CONSTITUTIONAL RIGHTS.

3. APPELLANT'S FIREARM SPECIFICATION SHOULD BE VACATED, AS NO EVIDENCE WAS PRESENTED TO SHOW THAT THE FIREARM WAS OPERATIVE OR COULD HAVE BEEN RENDERED OPERATIVE.

*State v. Plato,* 2004 WL2438667 at *2 (Ohio App.2nd Dist. October 8, 2004).

Petitioner's First Ground for Relief was considered and decided by the Champaign County Court of Appeals. The United States Supreme Court has recently elaborated on the standard of review of state court decisions on claims later raised in federal habeas corpus:

> The Antiterrorism and Effective Death Penalty Act of 1996 modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas "retrials" and to ensure that state-court convictions are given effect to the extent possible under law. See *Williams v. Taylor,* 529 U.S. 362, 403-404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). To these ends, § 2254(d)(1) provides:
> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
> "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."
>
> As we stated in *Williams,* § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S., at 404-405, 120 S.Ct. 1495. A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially

2

> indistinguishable facts. *Id.,* at 405-406, 120 S. Ct. 1495. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. *Id.,* at 407-408, 120 S.Ct. 1495. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one. *Id.,* at 409-410, 120 S.Ct. 1495. See also *id.,* at 411, 120 S.Ct. 1495 (a federal habeas court may not issue a writ under the unreasonable application clause "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly").

*Bell v. Cone*, 535 U.S. 685, 122 S. Ct. 1843, 1849-50, 152 L. Ed. 2d 914 (2002).

In deciding that Petitioner was not deprived of his constitutional right to a jury trial, the Champaign County Court of Appeals applied the controlling federal precedent: "Prior to accepting a guilty plea from a criminal defendant, the trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses. *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274." *State v. Plato, supra,* at 4. The state court reviewed the pertinent provisions of the plea transcript where the trial court advised that by entering a guilty plea he would be giving up his right to a jury trial and Petitioner stated he understood. Petitioner also signed a form indicating that he understood that by pleading guilty he was giving up his right to a jury trial. *Id*. The appellate court concluded: "...Plato voluntarily, knowingly, and intelligently entered into a plea agreement in which he knew he was waiving his constitutional right to a jury trial. Thus, Plato was not denied his constitutional right to a trial by jury." *Id*. The Second District Court of Appeal's decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. The Court of Appeals decision was

3

reasonable and therefore conclusive on this Court.

Petitioner raises "Mental Illness" in his Second Ground for Relief. A Writ of Habeas Corpus may issue only when a convicted defendant is held in custody in violation of his or her rights under the United States Constitution, laws, or treaties. *See* 28 U.S.C. §2241(c)(3). A claim based on "mental illness" without more, fails to state a cognizable constitutional claim. Moreover, this claim was not raised at trial or on direct appeal and is procedurally defaulted. Even assuming that the claim is not defaulted due to his Second Assignment of Error presented on appeal, i.e., that his counsel was ineffective for failing to challenge Petitioner's competency, it is without merit.

It is well-settled that the trial of an incompetent defendant violates due process. *Drope v. Missouri*, 420 U.S. 162, 180, 95 S.Ct. 896 (1975). The United States Supreme Court has held that the test to determine a defendant's competency to stand trial is "whether he has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding--and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960) (per curiam). *See also Harries v. Bell*, 417 F.3d 631, 636 (6th Cir.2005). This test for whether a defendant is competent to stand trial is the same test that is used to determine whether a defendant is competent to enter a guilty plea. *Williams v. Bordenkircher*, 696 F.2d 464, 466 (6th Cir.1983).

The Champaign County Court of Appeals recognized: "[t]he essential issue is whether the defendant is capable of understanding the charges against him and assisting his counsel, which the defendant may be able to do even if he is emotionally disturbed." *State v. Plato, supra,* at 5. After reviewing the scant evidence offered by Plato, the Court concluded: "[h]aving

reviewed the record, we cannot find evidence that Plato was incapable of understanding the charges against him and assisting his counsel. The record does not demonstrate an indicia of incompetence." *Id.* This Court must accord the state court's determination that there was no indicia of incompetence a presumption of correctness. *Mackey v. Dutton*, 217 F. 3d 399,412 (6th Cir. 2000). §2254(e)(1) provides that a petitioner must rebut this presumption by clear and convincing evidence. Petitioner has clearly failed to do so herein. Because the Second District Court of Appeal's decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States Petitioner's habeas petition should be denied.

Since reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal in forma pauperis and a certificate of appealability.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Robert J. Plato Jr.'s Petition for Writ of Habeas Corpus (Doc. # 2) be DENIED and DISMISSED with prejudice;

2. A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

3. The case be terminated on the docket of this Court.

February 3, 2006

    s/ Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).